On June 29,1979 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Kunzig, Judges.
Plaintiffs in this case request summary judgment as to liability regarding a claim that their property has been taken under the Fifth Amendment because it suffers from more frequent flooding as a result of an Army Corps of Engineers (Army Corps) project. Defendant opposes plaintiffs’ motion. On the evidence now before the court, we are unable to conclude, as a matter of law, that the property has been taken. Therefore, upon the basis of the parties’ submissions and other papers, but without oral argument, we deny plaintiffs’ motion for summary judgment as to liability and remand the case to the trial division for further proceedings.
Plaintiffs appear to be owners of a tract of land of unspecified acreage along the Arkansas River near Fort Smith, Arkansas. Lock and Dam No. 13, completed by *726 defendant in 1969, is located approximately 12 miles downstream from plaintiffs’ property. Plaintiffs essentially claim that since Fall 1973 their property "has been and will continue to be subject to overflows with greater frequency and of a longer duration than prior to the construction of the dam and the other facilities in connection with the project.”
To support their claim of taking and motion for summary judgment as to liability, plaintiffs rely wholly on a report prepared by Weldon M. Gamel, Chief, Engineering Division of the Tulsa District Corps of Engineers, dated April 5, 1977. The report, "Van Burén Channel Capacity Study Report for Remedial Action,” generally reviews the flooding impact of Lock and Dam No. 13 and suggests alternatives for either acquiring the lands affected, obtaining flowage easements, or otherwise mitigating flooding damage. Associated with the report is Inclosure 8, a map of the Fort Smith area, which appears to include plaintiffs’ property as part of the "net damage area” of Lock and Dam No. 13. "Net damage areas” are described as the lands which "have an increase in flow duration under postproject conditions, which constitutes a taking of property, and are neither subject to paramount navigation servitude nor otherwise offset by benefits from the overall project.” Plaintiffs believe this evidence is sufficient to demonstrate a taking has in fact occurred.
In opposition defendant offers the affidavit of Mr. Gamel, the report’s author. Mr. Gamel states he is aware of plaintiffs’ motion and their reliance on his report. He further states that the report "was and is preliminary in nature and was never intended to be a basis for land acquisition.” Mr. Gamel emphasizes that the net damage areas shown on the report’s map are "mere approximations” and the offsetting benefits of the project (which could be favorable to plaintiffs) have not been finally determined. Defendant also flatly denies plaintiffs’ substantive taking allegations and alleges in turn that it has acquired flowage easements over plaintiffs’ property, which plaintiffs deny.
These conflicting allegations and the lack of compelling evidence make it necessary to deny plaintiffs’ motion. It is clear the intent of Mr. Gamel’s report was not to establish *727 which areas were to be or not to be taken. Even if this had been the presumed intent, the report’s findings could hardly be determinative, regardless of how probative, of the legal question of when a taking occurs. Mr. Gamel’s report will probably constitute important evidence at trial but in view of its inherent limitations, plus the disclaimers of its author, it is insufficient evidence upon which to base a motion for even partial summary judgment. A decision as to liability will require a more precise definition of plaintiffs’ injury. It may also be appropriate to determine the relationship, if any, of this case to other cases before this court involving Lock and Dam No. 13 or to Miller v. United States, ante at 718.
Accordingly, it is therefore ordered that plaintiffs’ motion for summary judgment as to liability is denied and the case is remanded to the trial division for further proceedings.